```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

                      Alexandria Division


IRINA DMITRENKO              )
                             )
      Plaintiff,             )
                             )
         v.                  )    1:07cv82 (JCC)
                             )
MICHAEL CHERTOFF, et al.,    )
                             )
      Defendants.            )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendants' motion to dismiss.  For the following reasons, the Court will grant this motion.

### I.  Background

On December 10, 2003, Plaintiff Irina V. Dmitrenko ("Plaintiff") filed a Form I-485 Application to register for permanent residence with the United States Citizenship and Immigration Services ("USCIS").  On July 6, 2005, Plaintiff was interviewed by the Washington District Office of USCIS and was informed that her background check had not been completed, and thus, her I-485 application could not be approved.  Plaintiff has since made numerous inquiries about the status of her application, and after three-and-a-half years, it still has not been adjudicated.

## II.  Analysis

Plaintiff now moves to compel the USCIS to adjudicate her application for permanent residence.  To be sure, Plaintiff likely prefers a favorable adjudication, but she does not seek to compel any specific outcome.  The only relief she requests is that a decision be made on her application.

Title 8, Section 1252(a)(2)(B)(ii) of the United States Code divests courts of jurisdiction over suits where a plaintiff seeks review of a decision or action committed to agency discretion.  *Safadi v. Howard,* 466 F. Supp. 2d 696, 700 (E.D. Va. 2006).  This includes review of any discretionary decision or action of the United States Customs and Immigration Service.  *Id.* Prior to the 2005 amendment that strengthened the jurisdiction-stripping provisions to the Immigration and Neutrality Act ("INA"), this would be a more difficult decision. *See Yu v. Brown,* 36 F. Supp. 2d 922 (D.N.M. 1999); *Paunescu v. INS,* 76 F. Supp. 2d 896 (N.D. Ill. 1999); *Iddir v. INS,* 301 F.3d 492 (7th Cir. 2002) (all preceding the 2005 Amendment).  However, after the amendment, it is clear from the text that federal courts are not to interfere with the discretion of agencies in these matters.  *See Safadi,* 466 F. Supp. 2d at 699 (interpreting § 1252 in light of the 2005 amendment).

Additionally, this Court cannot issue a writ of mandamus because there is no clear right to "immediate"

adjudication of this application, and the Administrative Procedure Act ("APA") precludes judicial review of actions "committed to agency discretion by law." *See id.* at 697 (quoting 5 U.S.C. § 701(a)).  Accordingly, a writ of mandamus or judicial review under the APA are inappropriate, and the law requires that Defendants' motion to dismiss be granted.

This decision is bolstered as a matter of public policy.  To be sure, the Court's sympathies are with Plaintiff.  Forty months to adjudicate one "change-of-status" application undoubtedly feels unconscionably long when you are the applicant.  Nevertheless, in this post-9/11 context, agencies must have the freedom to carefully and thoroughly investigate these applications without judicial interference in their priorities.  Furthermore, to grant relief in this case would set a dangerous precedent, sending a clear signal that more litigious applicants are more likely to be moved to the top of the proverbial pile over other applicants that have waited even longer.  Such a situation hardly optimizes resources, and serves only the individual at the detriment to the group.[1]

---

[1] As William Shakespeare once wrote, "in delay we waste our lights in vain, like lamps by day." (Romeo & Juliet, Act I).  Again, the Court's sympathies are with Plaintiff for the frustration and difficulty caused by the delays of cumbersome bureaucracy.  However, such is not an uncommon circumstance in this day and age.  In fact, coincidentally before the Court today is a similar petition involving a delay of nearly two and one-half years for the same reason, and it is a certainty that these two petitioners are not the most egregious instances of delay.  To grant relief to today's petitioners, compelling adjudication of their application over persons that have waited even longer, would be far from equitable.  As much as the Court would like to grant solace to all persons in such position, these decisions

### III.   Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.

An appropriate Order will issue.

April___, 2007                  _____
Alexandria, Virginia            UNITED STATES DISTRICT COURT JUDGE

---

are committed to agency discretion, and this Court nonetheless stands
powerless to grant a legal remedy.